UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JULIE GORENC, et al.,

    Plaintiffs,

v.                                                                       Case No. 18-2403-DDC

JOANN KLAASEN, RN, MN, JD, in her
official capacity as the President of THE KANSAS
STATE BOARD OF NURSING, et al.,

    Defendants.

## **ORDER**

Defendant JoAnn Klaasen, RN, MN, JD, sued in her official capacity as President of the Kansas State Board of Nursing, and defendants Adventist Health Mid-America, Inc., Susan Dahlin, MD, Kathy Gaumer, MD, Laura McMurray, MD, and Lisa Pazdernik, MD (collectively, "Adventist defendants") have filed a joint motion (ECF No. 13) to stay discovery and other Rule 26 activities pending rulings on their respective motions to dismiss (ECF Nos. 11 and 15).[1] Plaintiffs oppose this request. For good cause shown, the motion is granted.

It has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending.[2] But four exceptions to this policy are recognized. A discovery stay may be appropriate if: (1) the case is likely to be finally

---

[1] *See* ECF No. 18, Adventist defendants' request to join in defendant Klaasen's motion to stay.

[2]*See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[3] The decision whether to stay discovery rests in the sound discretion of the district court.[4] As a practical matter, this calls for a case-by-case determination.

The court has reviewed the record, the instant motion, and the pending motions to dismiss. The court concludes that a brief stay of all pretrial proceedings—including discovery and the scheduling of deadlines—is warranted until the court resolves the pending dispositive motions. In their respective motions to dismiss, defendant Klaasen has asserted the defense of Eleventh Amendment immunity, and the Adventist defendants have asserted the defense of qualified immunity. Defendants are generally entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[5] "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[6] The Supreme Court has made

---

[3]*Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990)); *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991) ("'Until this *threshold* immunity question is resolved, discovery should not be allowed.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis in original)).

[4]*Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[5]*Siegert*, 500 U.S. at 232–33.

[6]*Id*. at 232; *see also Gallegos v. City and Cty. of Denver*, 984 F.2d 358, 361 (10th

it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[7] Additionally, the motions to dismiss, if granted, would dispose of all claims against defendant Klaasen and the Adventist defendants. No party suggests that resolution of the dispositive motions is dependent on information that would be gained through discovery. Accordingly, discovery at this point is unnecessary and potentially wasteful.

Finally, in light of defendant Janetta Proverbs, MD not having filed any response to the instant motion to stay, the court infers she agrees a stay is appropriate, particularly since she has filed a motion for judgment on the pleadings (ECF No. 20) in which she asserts a qualified immunity defense. Even if this inference is incorrect, the court finds that it is in the interest of judicial economy to stay this matter until all three pending dispositive motions are decided. That is, as a practical matter, it would not make much sense for the parties to proceed with discovery until such time that it's determined who will be participating as defendants.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1. Defendants' joint motion to stay (ECF No. 13) is granted.

---

Cir. 1993) ("A successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability." (citing *Harlow*, 457 U.S. at 817–18)).

[7]*Siegert*, 500 U.S. at 233 ("The entitlement is an *immunity from suit* rather than a mere defense to liability . . . ." (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original)).

2. All pretrial proceedings in this case, including discovery and the scheduling of deadlines, are stayed until further order of the court.

3. If the dispositive motions (ECF Nos. 11, 15, and 20) are ultimately denied in whole or in part, then counsel shall confer and submit a Rule 26(f) planning meeting report to the undersigned's chambers within 14 days of all three motions having been decided. The court will then promptly set a scheduling conference.

Dated October 26, 2018, at Kansas City, Kansas.

                                        s/James P. O'Hara
                                        James P. O'Hara
                                        U.S. Magistrate Judge