IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JULIE GORENC, KARA WINKLER, and MIDWIFE PARTNERS IN WOMEN'S WELLNESS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JOANN KLAASSEN, RN, MN, JD, in her official capacity as the President of THE KANSAS STATE BOARD OF NURSING, et al.,<br><br>Defendants. | Case No. 18-2403-DDC-JPO |

## MEMORANDUM & ORDER

Before the court is defendant Janetta Proverbs M.D.'s Motion for Judgment on the Pleadings (Doc. 20) and plaintiffs' Motion for Leave to File Sur-Reply (Doc. 32). Dr. Proverbs filed her motion before the other defendants have filed their answers. The court thus denies the motion as premature, without prejudice to refiling once the pleadings are closed. And, because the court denies Dr. Proverbs's motion, it denies plaintiffs' Motion for Leave to File Sur-Reply (Doc. 32) as moot.

I.  **Complaint and Procedural History**

Plaintiffs are nurse-midwives who provide maternity care. Doc. 1 at 2 (Compl. ¶ 1). Under Kansas Administrative Regulations, advance practice nurses must collaborate with a medical provider to treat patients. *Id.* at 7 (Compl. ¶ 36) (citing Kan. Admin. Regs. § 60-11-101(a)). The crux of plaintiffs' Complaint is that Kansas Administrative Regulation § 60-11-101(a) impermissibly delegates to individual doctors the power to control advanced practice nurses' ability to provide medical services in accord with their training as nurses.

In 2016, plaintiffs entered into a Collaborative Practice Agreement with Dr. Proverbs, which permitted plaintiffs privileges at Shawnee Mission Medical Center Health, including the ability to attend deliveries. *Id.* at 5 (Compl. ¶¶ 21, 23). Then, Dr. Proverbs told plaintiffs she intended to terminate the Collaborative Practice Agreement by February 2018. *Id.* (Compl. ¶ 25). Plaintiffs tried to reach a Collaborative Practice Agreement with four other physicians employed at Shawnee Mission Medical Center Health but they did not succeed.[1] *Id.* at 5–6 (Compl. ¶¶ 26–30). Plaintiffs allege that policies adopted by Adventist Health Mid-America, Inc., the owner and operator of Shawnee Mission Medical Center Health, have impeded their ability to enter into a Collaborative Practice Agreement. *Id.* at 6 (Compl. ¶ 32). Once Dr. Proverbs terminated their Collaborative Practice Agreement, plaintiffs could not attend their clients' deliveries. *Id.* at 15–16 (Compl. ¶ 88).

Plaintiffs initiated this action by filing a five-count Complaint. Counts I and II challenge Kansas Administrative Regulation § 60-11-101(a), raising claims for declaratory and injunctive relief under 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. § 1983 against the Kansas State Board of Nursing and Joann Klaassen. *Id.* at 17–23 (Compl. ¶¶ 96–127). Count III raises a § 1983 claim against Dr. Proverbs, Adventist Health Mid-America, and the four other physicians who declined to enter into a Collaborative Practice Agreement with plaintiffs. *Id.* at 23–25 (Compl. ¶¶ 128–42). Count IV raises a tortious interference with contract claim against Dr. Proverbs and the four other physicians, alleging that the plaintiffs' inability to secure a Collaborative Practice Agreement forced them to breach their contracts with their clients. *Id.* at 25–27 (Compl. ¶¶ 143–53). And, Count V raises a claim for tortious interference with a business expectancy against

---

[1] The four other physicians—Susan Dahlin, M.D., Kathy Gaumer, M.D., Laura McMurray, M.D., and Lisa Pazdernik, M.D.—are named defendants in this action.

Dr. Proverbs, Adventist Health Mid-America, and the four other physicians. *Id.* at 27–28 (Compl. ¶¶ 154–65).

Dr. Proverbs filed an Answer to plaintiffs' Complaint. Doc. 10. Ms. Klaassen, in her capacity as president of the Kansas State Board of Nursing, moved under Federal Rule of Civil Procedure 12(b)(1), (2), (5), and (6) to dismiss Counts I and II of plaintiffs' Complaint. Doc. 11. Adventist Health Mid-America and the four other physicians moved under Rule 12(b)(6) to dismiss Counts III, IV, and V of plaintiffs' Complaint. Doc. 15; *see also* Doc. 16 at 4 (identifying Rule 12(b)(6) as basis for dismissal). Later, Dr. Proverbs filed a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). Doc. 20. And, after Dr. Proverbs filed her reply brief in support of her motion, plaintiffs moved to file a sur-reply. Doc. 32.

## II.  Analysis

Although not addressed by the parties, a procedural defect in Dr. Proverbs's motion prevents the court from reaching the merits of the motion. "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When a plaintiff files an action against multiple defendants, "[t]he pleadings are not closed until all defendants have filed an answer, even when one defendant has filed a motion to dismiss instead of an answer." *Garvey v. Seterus, Inc.*, No. 5:16-cv-00209-RLV, 2017 WL 2722307, at *12 (W.D.N.C. June 23, 2017) (quoting *Nationwide Children's Hosp., Inc. v. D.W. Dickey & Son, Inc. Emp. Health & Welfare Plan*, No. 2:08-cv-1140, 2009 WL 5247486, at *1 (S.D. Ohio Dec. 31, 2009)). And, until all defendants have filed an answer, "a remedy under Rule 12(c) is not available."[2] *Scottsdale Ins. Co. v. Doe*, No. 7:13-CV-00342, 2014 WL

---

[2] A discretionary exception to the limitation imposed by Rule 12(c) exists if the plaintiff fails to serve all defendants. *See E. Coast Test Prep LLC v. Allnurses.com, Inc.*, Civil No. 15-3705 (JRT/JSM), 2016 WL 7383309,

3

3778510, at *3 (W.D. Va. July 30, 2014); *see also Stands Over Bull v. Bureau of Indian Affairs*, 442 F. Supp. 360, 367 (D. Mont. 1977) ("When a[ny] defendant has failed to file an answer, a motion for judgment on the pleadings is not the correct procedural remedy." (citing *Gen. Motors Corp. v. Blevins*, 144 F. Supp. 381, 389 (D. Colo. 1956))).

Here, after Dr. Proverbs was served with plaintiffs' Complaint, she had a choice. She either could file an answer or file a motion to dismiss under Rule 12(b). Dr. Proverbs decided to file an Answer, precluding her from filing a Rule 12(b) motion. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these [Rule 12(b)] defenses must be made before pleading if a responsive pleading is allowed."). And, where Dr. Proverbs's co-defendants have not yet filed answers because they pursued dismissal under Rule 12(b), the pleadings are not closed for purposes of a Rule 12(c) motion. The court thus denies Dr. Proverb's Rule 12(c) motion as premature. Because the court denies the motion without reaching its merits, the denial is without prejudice, permitting Dr. Proverbs to refile the motion after all other defendants have filed answers or are dismissed from the action.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Janetta Proverbs, M.D.'s Motion for Judgment on the Pleadings (Doc. 20) is denied without prejudice.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiffs' Motion for Leave to File Sur-Reply (Doc. 32) is denied as moot.

**IT IS SO ORDERED.**

---

at *1 (D. Minn. Dec. 20, 2016) (noting that "[s]ome courts have exercised discretion to allow a motion for judgment on the pleadings before all defendants have answered . . . when a plaintiff fails to serve one of the defendants" because "a contrary reading of Rule 12(c) would mean that a plaintiff could forever preclude a 12(c) motion simply by naming and then not serving an additional defendant" (internal quotation marks omitted)). This exception does not apply here because plaintiffs have served all defendants.

**Dated this 19th day of June, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**