IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JULIE GORENC, KARA WINKLER, MIDWIFE PARTNERS IN WOMEN'S WELLNESS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JOANN KLAASSEN, RN, MN, JD, in her official capacity as the President of THE KANSAS STATE BOARD OF NURSING, et al.,<br><br>Defendants. | Case No.: 18-cv-02403-DDC-JPO |

**DEFENDANTS ADVENTIST HEALTH MID-AMERICA, INC., SUSAN DAHLIN, MD, KATHY GAUMER, MD, LAURA MCMURRAY, MD AND LISA PAZDERNIK, MD'S RESPONSE TO PLAINTIFFS' MOTION TO RECONSIDER**

Defendants Adventist Health Mid-America, Inc. ("Adventist"); Susan Dahlin, M.D.; Kathy Gaumer, M.D.; Laura McMurray, M.D.; and Lisa Pazdernik, M.D. (collectively, with Adventist, the "Adventist Defendants") hereby submit the following response to Plaintiffs Julie Gorenc, Kara Winkler, and Midwife Partners in Women's Wellness, LLC's (collectively, "Plaintiffs") Motion to Reconsider:

**INTRODUCTION**

This action is a 42 U.S.C. § 1983 and state law tort case arising out the termination of a Collaborative Practice Agreement ("CPA") between Plaintiffs and one physician and the refusal to enter into a new CPA with Plaintiffs by separate Adventist physicians. Plaintiffs' request for reconsideration of this Court's order dismissing all of their claims against the Adventist Defendants (Doc. 35) fails for two overarching reasons: (1) Plaintiffs seek relief under the wrong

1

rule and (2) Plaintiffs' alleged grounds for relief do not meet the applicable standards under the correct rules.

## ARGUMENT

### I. PLAINTIFFS' MOTION IS PROCEDURALLY DEFECTIVE.

Plaintiffs seek relief "pursuant to Rule 7.3(a) of the Local Rules of the District of Kansas." Plaintiffs have no right to the relief they seek under this rule. The rule itself states as much: "… Parties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60. ***The court will not grant reconsideration of such an order or judgment under this rule.***" D. Kan. R. 7.3(a) (emphasis added).

Plaintiffs correctly recognize that a motion to dismiss is a dispositive motion. *See* D. Kan. R. 6.1(d)(2); *see also Estate of McDermed by & through McDermed v. Ford Motor Co.*, No. 14-2430-CM, 2017 WL 1492931, at *4 (D. Kan. Apr. 26, 2017), *aff'd*, 725 F. App'x 605 (10th Cir. 2018). Plaintiffs also correctly recognize that the Adventist Defendants' motion was dispositive because the Court dismissed all claims against them. (Doc. 35). Therefore, this Court should overrule Plaintiffs' motion because Plaintiffs failed to use the correct procedure for reconsideration.

### II. PLAINTIFFS ARE NOT ENTITLED TO RELIEF UNDER RULE 59(e) OR 60 EVEN IF THEY HAD FILED UNDER THESE RULES.

Even if Plaintiffs had brought their motion using the correct procedure, Plaintiffs' motion still fails.

Relief under Fed. R. Civ. P. 59(e) or 60 is limited. *See Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)); *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729

(10th Cir. 1993) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988) (Rule 60 relief is granted "only in 'extraordinary circumstances.'"). ***Under either rule, rehashing old arguments is not permitted***. *See Hayes Family Trust*, 845 F.3d at 1004 (quoting *Servants of the Paraclete*, 204 F.3d at 1012) (Rule 59(e) motions are limited to intervening changes in controlling law, previously unavailable new evidence, and the need to correct clear error or prevent manifest injustice); *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) (Rule 60 relief is "not available to allow a party merely to reargue an issue previously addressed by the court when the re-argument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument"); *see also Yarbary v. Martin*, 643 F. App'x 813, 817 (10th Cir. 2016) (district court did not abuse its discretion in denying motion for relief from judgment after claims were dismissed when Plaintiff simply attempted to rehash his arguments).

Yet, rehashing old arguments is precisely what Plaintiffs' motion does. Plaintiffs' motion appears to argue three points: (1) Plaintiffs allegedly cannot practice their profession without a CPA with Adventist physicians[1], (2) the refusal to enter into a CPA allegedly is a violation of Plaintiffs' alleged rights to procedural and substantive due process, and (3) Kansas (or perhaps the Adventist Defendants) are acting contrary to state regulations and policy. These points already were the subject of the parties' motion to dismiss briefing. (*See generally* Docs. 15, 24, 28). Plaintiffs' motion is merely a rambling dissertation of their disagreement with the Court for siding

---

[1] Notably, Plaintiffs state that they "will, upon an order of the Court … terminate their current CPA and practice without one." (Doc. 36 at 3, ¶ 13). Plaintiffs undermine their argument. Their own admission underscores yet again that their claims are about wanting to practice at Advent Health Shawnee Mission, not about being unable to practice their chosen profession.

3

with the Adventist Defendants instead of them. It is not based on clear error or manifest injustice, which is reflected in the absence of case law showing exactly how the Court purportedly committed error under the law.

The only argument that might be considered new—other than Plaintiffs' general dislike for the Court's dismissal order—is to analogize "mature women with bachelors and post-graduate degrees who are board certified, licensed professionals with years of experience" to a slave. (Doc. 36 at 4–5). Although this analogy suffers from many flaws, the flaw most relevant to the standards applicable to Plaintiffs' motion is that decisions from the 19th century are not new, could have been raised in the prior briefing, and do not alter the fact that Plaintiffs should lobby the legislature if they wish to change the law requiring them to enter into a CPA. Seeking monetary and injunctive relief against private parties who did not create the law will not change the requirements to which Plaintiffs are subject or insert a requirement into the law permitting Plaintiffs to compel physicians to enter into a CPA with them.

## CONCLUSION

Contrary to Plaintiffs' misguided belief that they are not being "treated as persons and citizens before the law," Plaintiffs had their day in court. They lost. Nothing they have rehashed in their motion presents a basis in law to revive their claims against the Adventist Defendants. Accordingly, there is no clear error, manifest injustice, mistake, or other reason to reverse the dismissal order. For all these reasons, this Court should overrule Plaintiffs' Motion.

Respectfully submitted,

KUTAK ROCK LLP

By: */s/ M. Courtney Koger*
    M. Courtney Koger    KS #15271
    Meredith A. Webster    KS #25103
    2300 Main Street, Suite 800
    Kansas City, MO 64108
    (816) 960-0090 (Telephone)
    (816) 960-0041 (Facsimile)
    courtney.koger@kutakrock.com
    meredith.webster@kutakrock.com
    ATTORNEYS FOR DEFENDANTS
    ADVENTIST HEALTH MID-AMERICA,
    INC.; SUSAN DAHLIN, MD; KATHY
    GAUMER, MD; LAURA MCMURRAY,
    MD; AND LISA PAZDERNIK, MD

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on the following counsel of record via electronic mail through the Court's electronic filing system on the 9th day of September, 2019:

    Keith N. Williston, Esq.
    Williston Law Firm, LLC
    201 SE Williamsburg Dr.
    Blue Springs, MO 64014
    willistonkeith@yahoo.com
    **ATTORNEYS FOR PLAINTIFF**

    M.J. Willoughby, Esq.
    Assistant Attorney General
    Office of Kansas Attorney General Derek Schmidt
    120 SW 10th Ave., 2nd Floor
    Topeka, KS 66612
    mj.willoughby@ag.ks.gov
    **ATTORNEY FOR DEFENDANT JOANN KLAASSEN**

Blane R. Markley
Kathryn G. Lee
9401 Indian Creek Parkway
Suite 700, 40 Corporate Woods
Overland Park, KS 66210-0200
bmarkley@spencerfane.com
klee@spencerfane.com
**ATTORNEYS FOR DEFENDANT JANETTA PROVERBS**

                              */s/ M. Courtney Koger*
ATTORNEY FOR DEFENDANTS
ADVENTIST HEALTH MID-AMERICA,
INC.; SUSAN DAHLIN, MD; KATHY
GAUMER, MD; LAURA MCMURRAY, MD;
AND LISA PAZDERNIK, MD

4835-5863-2099